Morris Canal and Banking Co. *v.* Dennis.

The Morris Canal and Banking Company *vs.* Calvin S. Dennis.

This court will not retain an injunction restraining the prosecution of an action of ejectment when it clearly appears that the complainants have a defence to such action in the court of law.

*T. Runyon* and *Asa Whitehead,* for motion.

The Chancellor. If it were not perfectly apparent on the face of the pleadings that the complainants have a complete remedy at law, I should not dissolve this injunction. But it is clear that the deed under which the defendant claims is void, and that a recovery cannot be had upon it in the action of ejectment. The complainants will not be compelled to set up in defence, in that suit, any matter *dehors* the record for the purpose of preventing a recovery. The defendant will be obliged, in order to sustain his title, not only to produce his deed in evidence, but all the proceedings upon which it is founded. It will appear, by those proceedings, that the sale was made under the sixth section of the supplemental

act incorporating the city of Newark, of the 4th of March, 1841.

It is perfectly clear that the sale under that section is void. There was no authority to sell this land for non-payment of taxes, except under the first section of the act of 1839.

If this is so, there is no propriety for this court's interfering with the action of ejectment. The complainants have a complete defence at law to that suit.

So far as the injunction interferes with that suit, it must be dissolved.